RICHARD LAWSON EXCAVATING,
INC., et al., Plaintiffs,

v.

NATIONAL LABOR RELATIONS
BOARD, et al., Defendants.

No. CIV.A.04–0360.

United States District Court,
W.D. Pennsylvania.

Aug. 3, 2004.

Phillip J. Binotto, Jr., Thomas C. Gricks, III, Eckert, Seamans, Cherin & Mellott, Canonsburg, PA, for plaintiffs.

Joshua M. Bloom, Koerner, Colarusso & Bloom, Pittsburgh, PA, Margery E. Lieber, Eric G. Moskowitz, Laura Bandini, Office of the General Council, Special Litigation Branch, Washington, DC, for defendants.

### MEMORANDUM OPINION AND ORDER

HARDIMAN, District Judge.

### I. Introduction

Plaintiffs Richard Lawson Excavating, Inc. (Lawson), a Pennsylvania corporation, and its employee, Raymond Kirich (Kirich), filed a three count complaint against the National Labor Relations Board (NLRB) and several unions and union members (Union Defendants) alleging violations of the Federal Wiretap Act, 18 U.S.C. § 2510, *et seq.*, the Pennsylvania Wiretap Act, 18 Pa.C.S. § 5701, *et seq.*, and due process. The NLRB moves to dismiss all claims. The Union Defendants have answered the Complaint, but now move for sanctions against Plaintiffs pursuant to Fed.R.Civ.P. 11. After careful consideration, the Court will grant the mo-

tion to dismiss and deny the motion for sanctions.

### II. Statement of Facts

Plaintiffs are engaged in the commercial excavation business. In the summer of 2003, the Union Defendants initiated a campaign to organize Lawson's employees. On August 6, 2003, Defendant Beasley engaged Plaintiff Kirich in conversation while Defendant Roscoe made a video and audio recording from a covert location. Defendants then disclosed the contents of those recordings to the NLRB for the purpose of pursuing an unfair labor practices claim against Lawson. The NLRB used the recordings to prepare said claim against Lawson and intends to use them in the prosecution of the claim.

### III. Standard of Review

 Defendants move to dismiss Counts I and II under Rule 12(b)(1) and Count III under Rule 12(b)(6). Under Rule 12(b)(1), the movant may make a facial or factual challenge to subject matter jurisdiction. *Mortensen v. First Fed. Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977). A factual challenge, as made by Defendants here, challenges the court's power to hear the case. In *Mortensen*, the Court of Appeals articulated the standard of review as follows:

[I]n a factual 12(b)(1) motion ... there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the bur-

den of proof that jurisdiction does in fact exist.

*Id.; see also Robinson v. Dalton,* 107 F.3d 1018, 1021 (3d Cir.1997).

■ Alternatively, in reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded allegations as true and views them in the light most favorable to the plaintiff. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1420 (3d Cir.1997). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id.* (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Claims should be dismissed under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). However, a court will not accept unwarranted inferences or sweeping legal conclusions cast in the form of factual allegations. *Mitchell v. Cellone,* 291 F.Supp.2d 368, 370 (W.D.Pa.2003) (citing *Miree v. DeKalb County, Ga.,* 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977)).

## IV. Analysis

### A. Count I—Federal Wiretap Act

■ Plaintiffs concede that Count I of the Complaint must be dismissed, but they argue that it should be dismissed without prejudice. Defendants insist that the dismissal be with prejudice.

In Count I, Plaintiffs seek relief under § 2520 of the Federal Wiretap Act, which expressly precludes relief against the United States. 18 U.S.C. § 2520(a). In their opposition to the instant motion, Plaintiffs concede that they are expressly barred under § 2520. However, they argue that relief is available under § 2712 provided they meet certain jurisdictional prerequisites which they also concede they have not met. Defendants maintain that the claim under § 2520 must be dismissed with prejudice and may never be reinstated.

Accepting the arguments and concessions of both parties yields a common result. Plaintiffs wish to maintain a claim under the Federal Wiretap Act while the NLRB wants to foreclose claims under § 2520 on the basis of sovereign immunity. Although the NLRB correctly argues that Plaintiffs cannot bring a claim under § 2520, it does not follow that Plaintiffs cannot bring a cause of action under another section of the Federal Wiretap Act provided they meet the jurisdictional prerequisites. Thus, the Court will dismiss the claim under § 2520 of the Federal Wiretap Act with prejudice for lack of subject matter jurisdiction under Rule 12(b)(1), but will dismiss any claim under § 2712 without prejudice.

### B. Count II—Pennsylvania Wiretap Act

Plaintiffs concede that sovereign immunity precludes their claim against the NLRB under the Pennsylvania Wiretap Act. This claim is therefore dismissed with prejudice.

### C. Count III—Due Process

■ In Count III of the Complaint, Plaintiffs maintain a claim under procedural due process, requesting "a full and meaningful hearing to protect" their rights to privacy. However, they admit in their brief that "no subsequent action on the part of the [NLRB] can undo [the] violation." Plaintiffs' Brief in Opposition to Motion to Dismiss (Pl.Opp.Br.) at 10. Plaintiffs insist that their due process claim is wholly separate from the board proceedings:

If ... Plaintiffs' claims were predicated upon the introduction of the videotape during the unfair labor practice adjudication, the Board (and, in turn, the Court of Appeals) could presumably rectify any impropriety. However, this case is based upon the Constitutional violations attendant to the Board's acquisition of the tape.

*Id.* at 10 n. 5.

Though one could conceive of constitutional violations stemming from the board acquiring the tape, such as unlawful search and seizure, Plaintiffs allege the board only came into possession of the tape through the Union Defendants. Plaintiffs have not identified any authority that would suggest they are entitled to a hearing simply because the NLRB was given possession of the tape, viewed it or disclosed its contents, regardless of whether the Union Defendants obtained the tape in violation of Plaintiffs statutory rights. Such rights should be and have been raised by Plaintiffs in Count I of the Complaint. *See Bartnicki v. Vopper,* 532 U.S. 514, 523, 121 S.Ct. 1753, 149 L.Ed.2d 787 (2001) (The Federal Wiretap Act is "comprehensive legislation both authorizing the use of evidence obtained by electronic surveillance on specified conditions, and prohibiting its use otherwise.")

Further, as stated above, Plaintiffs admit that a hearing would not undo the violation. Pl. Opp. Br. at 10. If the procedural remedy they seek would not undo the violation, then it is not a remedy at all. "The Constitution does not protect procedure for procedure's sake." *Rector v. City & County of Denver,* 348 F.3d 935, 943 (10th Cir.2003); *Michael H. v. Gerald D.,* 491 U.S. 110, 127 n. 5, 109 S.Ct. 2333, 105 L.Ed.2d 91 (1989) ("We cannot grasp the concept of a right to a hearing on the part of a person who claims no substantive entitlement that the hearing will assertedly vindicate."). Accordingly, because there is no due process remedy for Plaintiffs' alleged injury, their due process claim fails.

### D. Motion for Sanctions

In reviewing the pleadings, the Court sees no basis for Rule 11 sanctions at this time. The motion goes in to details surrounding the event, including what can and cannot be seen and heard from the recordings. Such detailed factual argument will be appropriate when the record has developed further. Thus, Defendants' motion will be denied without prejudice.

### V. Conclusion and Order

Based on the foregoing reasoning, it is hereby ORDERED that the motion to dismiss by Defendant NLRB (Document No. 5) is GRANTED. Plaintiffs' claims against Defendant NLRB are DISMISSED in accordance with the foregoing opinion.

It is further ORDERED that the motion for sanctions by Union Defendants (Document No. 12) is DENIED.