**VALERIE K. DOWNING, Plaintiff**

**v.**

**TRANSPORTATION SECURITY ADMINISTRATION, Defendant**

**DOWNING v. TRANSPORTATION SECURITY ADMIN.**

Civil No. 2003-0150

District Court of the Virgin Islands

Division of St. Thomas and St. John

December 22, 2004

*For the plaintiff:* ARCHIE JENNINGS, ESQ., St. Thomas, U.S.V.I.

*For the defendant:* JOYCELYN HEWLETT, ESQ., St. Croix, U.S.V.I.

MOORE, *District Judge*

(December 22, 2004)

This matter came on for hearing on September 24, 2004. Defendant U.S. Transportation Security Administration ["TSA"] had moved for dismissal of, or in the alternative, summary judgment on, the allegations by plaintiff Valerie K. Downing, a white woman over the age of forty, that she suffered discrimination based on race, age, and disability when she was terminated from her position as a security screener at Cyril E. King Airport. At the hearing, plaintiff conceded that the claims alleging violations of the Americans with Disabilities Act, of Title VII of the Civil Rights Act, and of Virgin Islands law governing wrongful discharge should be dismissed. I therefore dismissed Counts II, III and V of plaintiff's complaint. After oral argument on Counts I and IV of the complaint, alleging racial discrimination and age discrimination, I granted summary judgment based on failure to exhaust administrative remedies.[1] This memorandum addresses the failure to exhaust issue.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff was hired by TSA, a federal agency, to work as a security screener at the airport on St. Thomas on December 21, 2002. She began her one-year probationary period the same day. At some point plaintiff was injured at her job and was no longer able to continue the heavy lifting required by her position. In January, 2003, Plaintiff's physician recommended that she be given lighter duties, which recommendation she submitted to her employer. On February 24, 2003, plaintiff was terminated. Accompanying her termination was a letter from TSA stating that the reason for her termination was her failure to report back to work once her doctor permitted her to do so, as well as two instances of misconduct in which she arrived late to work and then left early without informing anyone. The letter further stated that if she believed she had been discriminated against in her dismissal, she had forty-five days to

---

[1] At oral argument, TSA also raised the issue that Downing could not sue for racial discrimination because she was of the same race as the workers from whom, she alleges, she was treated differently. Plaintiff then argued that the claim should have been pled as one for gender discrimination, but noted that the focal point of the complaint would be on age discrimination. The modified gender discrimination claim was disposed of in my grant of summary judgment on the grounds that plaintiff insufficiently responded to TSA's arguments to withstand judgment as a matter of law.

make a report to TSA's Office of Civil Rights, whose contact information was provided.[2]

## II. DISCUSSION

### A. Age Discrimination

■ To file a claim under the Age Discrimination in Employment Act ["ADEA"], a plaintiff must first follow preliminary administrative procedures. When a person alleges discrimination by a federal agency, she must contact and consult with a counselor at the Equal Employment Opportunity Commission ["EEOC"] within forty-five days of the alleged discrimination. 29 C.F.R. § 1614.105. In this case, the TSA's Office of Civil Rights is the organization that controls the preliminary stages of filing a complaint against that agency.

TSA claims that plaintiff never initiated, much less completed, the necessary administrative processes that are a precondition to filing suit. In support of its position, TSA offers an affidavit from Philip D. Hepperle, the Acting Deputy Division Manager of the Office of Civil Rights at TSA. He states that plaintiff never contacted the TSA Civil Rights office about her claim under the ADEA. Plaintiff does not make a direct claim that she did contact TSA's office of civil rights'. Instead, she provided affidavits from herself and someone she knew who was a labor union advocate, who made calls on her behalf about her worker's compensation issue, and suggested she file a complaint with the Virgin Islands Department of Labor. Plaintiff also received a right to sue letter from the EEOC.

At oral argument, plaintiff asserted that her contact with the Virgin Islands Department of Labor through the labor union advocate should be accepted as sufficient administrative action to preserve her claim against TSA. Plaintiff maintained that he contacted the number on the

---

[2] The language of the dismissal letter read as follows:

Because you are on a conditional appointment, you do not have appeal or grievance rights with respect to your discharge. If, however, you believe this discharge resulted from discrimination or harassment based on race, color, religion, sex, national origin, physical or mental disability, age (40 or over), sexual orientation, or reprisal, you may make a report to the Office of Civil Rights (877-336-4872). If you choose to make a report to the Office of Civil Rights, you must do so within 45 calendar days of the effective date of this action.

Plaintiff signed the letter on February 24, 2003.

termination letter and, after discussing the issue of plaintiff's worker's compensation, was concerned she was not being assisted properly and then directed her to contact the Virgin Islands Department of Labor. She thereafter filed a complaint with the EEOC, and, she maintains, was not advised that she needed to contact a counselor at TSA first. The result was that she received a right to sue letter without having made a report to the TSA Office of Civil Rights. Plaintiff's pursuit of these avenues, she argued, fulfilled her obligation to conduct due diligence and she invokes the doctrine of equitable estoppel to allow her to continue seeking redress. *See Robinson v. Dalton,* 107 F.3d 1018, 1023 (3d Cir. 1997).

█ I cannot agree that in this case there is evidence of the kind of extraordinary circumstance contemplated by the cases interpreting the due diligence requirement. Plaintiff conceded that the call she made through her friend would not be enough to constitute due diligence, but noted that she actually went to the Department of Labor, which should have directed her back to the TSA. Plaintiff, though, has not presented a compelling argument that she went to the Virgin Islands Department of Labor to complain about the fact she was discriminated against. Instead, the tenor of her conversations with her advocate friend and the various agencies they contacted only dealt with plaintiff's concerns about her worker's compensation. This is insufficient to meet her burden of due diligence needed to invoke equitable estoppel. Plaintiff has thus failed to demonstrate that genuine issues of material fact remain in dispute with respect to Counts I and IV of her complaint, and I will grant summary judgment on those counts. An appropriate order follows.