

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-20-2006

# Red v. Postmaster Gen

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5256

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Red v. Postmaster Gen" (2006). *2006 Decisions.* Paper 172.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/172

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5256
_____

MARITA RED,

Appellant

v.

JOHN E. POTTER, POSTMASTER GENERAL;
UNITED STATES POSTAL SERVICE

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. No. 03-cv-02241)
District Judge:  Honorable Dickinson R. Debevoise

_____

Submitted Under Third Circuit LAR 34.1(a)
November 17, 2006

Before:  FISHER, ALDISERT and WEIS, <u>CIRCUIT JUDGES</u>.

(Filed: November 20, 2006 )
_____

OPINION
_____

PER CURIAM

Marita Red filed her complaint, <u>pro se</u>, against her former employer, the United

States Postal Service.  In the complaint, Red alleges racial discrimination and retaliation

in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. Red asserts that she was discriminated against because she is Filipino. First, she alleges that she was improperly demoted four days after being promoted to the position of full-time clerk in July 2000 ("Claim I"). Second, she asserts that was racially discriminated against when she was terminated from employment in the fall of 2000 ("Claim II"). Third, Red asserts that her demotion and subsequent termination were both in retaliation for her previous complaints filed with the Equal Employment Opportunity Commission ("EEOC") ("Claim III"). Ultimately, the District Court granted Defendant's motion for summary judgment on these claims.

We review the grant of summary judgment de novo. See McGreevey v. Stoup, 413 F.3d 359, 363 (3d Cir. 2005). Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Saldana v. KMart Corp., 260 F.3d 228, 232 (3d Cir. 2001); Fed. R. Civ. P. 56(c).

Claims of discrimination under Title VII are analyzed under the burden-shifting framework announced in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). In order to show a prima facie case of racial discrimination, a plaintiff must illustrate that: (1) she is a member of a protected class; (2) she was qualified for the position she held; (3) she suffered an adverse employment action; and (4) similarly situated persons who are not members of the protected class were treated more favorably,

or that the circumstances of her termination give rise to an inference of discrimination. See Jones v. Sch. Dist. of Phila., 198 F.3d 403, 410-11 (3d Cir. 1999). If a plaintiff establishes the prima facie case, the employer must come forward with a legitimate, non-discriminatory reason for the adverse employment decision. See Goosby v. Johnson & Johnson Med., Inc., 228 F.3d 313, 318-19 (3d Cir. 2000) (citing Tx. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254-56 (1981)). If the defendant meets this burden, the plaintiff must then prove by a preponderance of the evidence that the legitimate reasons offered by the defendant are merely a pretext for discrimination. See Jones, 198 F.3d at 410 (citing Burdine, 450 U.S. at 252-53).

We will first examine Claim I. As previously noted, to prove the prima facie case, a plaintiff must show that she is qualified for the position. In reviewing qualifications, we can only look to objective criteria, such as education and experience. See Sempier v. Johnson & Higgins, 45 F.3d 724, 729 (3d Cir. 1995).

Red was initially hired as a part-time mail handler. Before her promotion to a full-time clerk in July 2000, Red requested to be reassigned from her mail handler's position to a part-time clerk position. The Collective Bargaining Agreement notes that when this transfer occurs, an employee begins a new period of seniority. However, in Red's case, her period of seniority was not begun anew after this transfer due to an administrative error. This error was only discovered a few days after Red was promoted. After this discovery, the Defendant demoted Red back to the position of part-time clerk. Upon

reviewing the record, Red fails to show the presence of a material issue of fact with respect to whether she had the requisite seniority to be promoted initially. Thus, she fails to show that she was qualified for the position.

With respect to Claim II, we conclude that Red failed to make out a prima facie case of discrimination. In attempting to show an inference of discrimination, Red alleged that several similarly situated employees (not in her protected class) were treated more favorably. However, Red failed to show that these employees were similarly situated. See Fed. R. Civ. P. 56(e) (stating that a non-moving party cannot rely on mere allegations, but instead, must set forth specific facts showing a genuine issue for trial); see, e.g., Kosereis v. Rhode Island, 331 F.3d 207, 214 (1st Cir. 2003) (stating that "a plaintiff must show that others similarly situated to him in all relevant respects were treated differently by the employer.") (internal quotation marks and citations omitted); Pierce v. Commonwealth Life Ins. Co., 40 F.3d 796, 802 (6th Cir. 1994) (stating in order to show that an employee is "similarly situated," all of the relevant aspects of employment need to be nearly identical). Thus, the District Court properly granted summary judgment on this claim.

Next, we will examine Claim III. Red's retaliation claim is subject to the same burden-shifting analysis as set out in McDonnell Douglas. See Woodson v. Scott Paper Co., 109 F.3d 913, 920 (3d Cir. 1997). To establish a prima facie case of retaliation, a plaintiff must show that: (1) she engaged in protected activity; (2) she suffered an

4

adverse employment action either after or contemporaneously with the protected activity; and (3) there was a causal connection between the protected activity and the adverse employment action. See id.

It is undisputed that Red established the first two elements for a prima facie case of retaliation. Specifically, she filed complaints with the EEOC in 1999. Furthermore, Red suffered adverse employment actions when she was demoted in July 2000 and terminated from employment in the fall of 2000. However, we agree with the District Court that Red failed to create a material issue of fact with respect to establishing a causal connection between her protected activity and the adverse employment actions.

First, Red's demotion and subsequent termination occurred over a year after she filed her EEO complaints. See Robinson v. City of Pittsburgh, 120 F.3d 1286, 1302 (3d Cir. 1997), abrogated on other grounds by Burlington N. & Santa Fe Ry. v. White, 126 S. Ct. 2405 (2006) (stating that the mere fact that an adverse employment action occurs after a complaint will ordinarily be insufficient to satisfy the plaintiff's burden of demonstrating a causal link). Additionally, Red has not shown that there is a material issue of fact that the officials responsible for her demotion and ultimate termination (Patricia Johnson and Carmen G. Olivera, respectively) were aware of her EEO filings at the time of their actions. See Dowe v. Total Action Against Poverty in Roanoke County, 145 F.3d 653, 657 (4th Cir. 1998) (stating that plaintiff failed to establish prima facie case of discrimination where it was undisputed that relevant decisionmaker was unaware that

the plaintiff had engaged in protected activities).  Accordingly, we conclude that the record does not establish the requisite causal connection to support a prima facie case of retaliation.

Finally, in her response to the Defendant's summary judgment motion, Red indicated other incidents of discrimination.  These incidents appear to center on circumstances occurring in late August 2000.[1]  The District Court determined that Red failed to exhaust these claims.  In order to bring a Title VII action in federal court, a plaintiff must file a charge with the EEOC sufficient to put the EEOC on notice of her particular claims.  See Anjelino v. N.Y. Times Co., 200 F.3d 73, 93 (3d Cir. 1999); Robinson v. Dalton, 107 F.3d 1018, 1020-21 (3d Cir. 1997).  We must determine whether the claims at issue fall within the scope of the prior EEOC complaint, or the investigation arising therefrom.  See Antol v. Perry, 82 F.3d 1291, 1295 (3d Cir. 1996).

The EEOC investigated the circumstances surrounding Red's July 2000 demotion and subsequent termination to determine whether it was racially discriminatory.  To the extent that Red now asserts that her termination was the result of disability discrimination, she failed to exhaust this claim.  Red's claim of disability discrimination cannot be said to have arisen from the investigation into her claims of race discrimination before the EEOC.  See Antol, 82 F.3d at 1295-96.  Second, we conclude that Red's

---

[1]Red asserts she was denied the opportunity to go to her locker, denied sick leave and denied light-duty work, among other claims.

claims of discrimination arising out of the incidents occurring in late August 2000 were exhausted. Red's termination arose in part from the circumstances occurring in late August 2000. Thus, it follows that these alleged incidents of discrimination would be part of the EEOC's investigation of Red's termination. However, similar to Red's other discrimination claims, Red fails to illustrate a material issue of fact with respect to proving her prima facie case regarding these claims for the reasons previously stated.[2] See also Fed. R. Civ. P. 56(e).

In conclusion, we will affirm the grant of summary judgment in favor of the Defendant.

---

[2]In her response to the summary judgment motion, Red also alleged over forty "acts of harassment." The District Court construed these allegations as a separate hostile work environment claim. Based upon Red's appellate brief, however, Red alleged these acts as evidence of her retaliation claim, not a separate hostile work environment claim.