

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-17-2008

# Toscano v. AT&T Corp

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2438

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Toscano v. AT&T Corp" (2008). *2008 Decisions.* Paper 1013.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1013

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-214                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2438
_____

LOUIS PAUL TOSCANO,

                                                    Appellant

v.

AT&T CORPORATE HEADQUARTERS
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 05-cv-03539)
District Judge:  Honorable Garrett E. Brown, Jr.

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 30, 2008
Before: AMBRO, FUENTES and JORDAN, Circuit Judges

(Opinion filed: June 17, 2008)
_____

OPINION
_____

PER CURIAM

       This is an appeal from the district court's dismissal of Louis Paul Toscano's

amended complaint filed against AT&T.  Because the appeal presents "no substantial

question," we will summarily affirm the judgment of the district court under Third Circuit

L.A.R. 27.4 and I.O.P. 10.6.

I.

In Feburary 2005, Toscano filed a charge of discrimination against AT&T with the Equal Employment Opportunity Commission ("EEOC"). The EEOC deemed the charge untimely filed and dismissed it in March 2005. In June 2005, Toscano filed a complaint against AT&T in the Superior Court of New Jersey asserting several claims arising out of his termination by AT&T and his subsequent placement on AT&T's long-term disability plan. Specifically, Toscano alleged that AT&T discriminated against him on the basis of a disability and violated his rights under the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), by declaring him totally disabled and placing him on its long-term disability benefits plan. In July 2005, AT&T removed the case to the district court. In October 2006, AT&T filed a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) or, in the alternative, for summary judgment arguing that Toscano's claims were time-barred. On March 8, 2007, the district court granted the motion for judgment on the pleadings and dismissed Toscano's claims. Toscano filed a timely appeal.[1] We will now summarily affirm the district court's order and deny Toscano's motion.

II.

---

[1] In November 2007, Toscano filed a motion to appoint counsel in this case. We stayed the briefing schedule pending our ruling on the motion to appoint counsel.

As the district court fully and properly explained, Toscano's complaint failed to state a claim because it is time-barred.[2] Prior to filing an action for employment discrimination under the ADA, an employee must file a timely charge of discrimination with the EEOC. See 42 U.S.C. 12117(a); see also Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997). In a deferral state, such as New Jersey, the employee has 300 days from the date of the alleged unlawful employment practice in which to file. See 42 U.S.C. § 2000e-5(e)(1). Here, Toscano's discrimination charges against AT&T stem from events occurring in 1992, but Toscano's claim with the EEOC was filed in February 2005—well after the time had passed for timely filing. There is further no evident basis for equitable tolling following the limitations period.

### III.

Accordingly, we will summarily affirm the order of the district court dismissing Toscano's complaint. See 3d Cir. L.A.R. 27.4 and I.O.P. 10.6. We also deny Toscano's motion for appointment of counsel.

---

[2] We have jurisdiction over this appeal under 28 U.S.C. § 1291. We exercise plenary review of the dismissal of a complaint under Federal Rule of Civil Procedure 12(c). See Leamer v. Fauver, 288 F.3d 532, 535 (3d Cir. 2002); see also Green v. Fund Asset Mgmt., 245 F.3d 214, 220 (3d Cir. 2001).