

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-26-2009

# Killingsworth v. Postmaster Gen

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2266

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Killingsworth v. Postmaster Gen" (2009). *2009 Decisions*. Paper 1990.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1990

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 07-2266

———————

DEBRA A. KILLINGSWORTH; DAVID KILLINGSWORTH

v.

JOHN E. POTTER, POSTMASTER GENERAL,
UNITED STATES POSTAL SERVICE; ROLAND RAGSDALE,
U.S. POSTAL EMPLOYEE; GLENN SULLIVAN, U.S. POSTAL EMPLOYEE;
LOUIS SPADARO, U.S. POSTAL EMPLOYEE

Debra A. Killingsworth,
Appellant

———————

Appeal from the Order of the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 05-cv-04271)
District Judge: Honorable Harvey Bartle, III

Submitted Under Third Circuit L.A.R. 34.1(a)
on January 8, 2009
———————

Before: FUENTES, FISHER, and ALDISERT, Circuit Judges

(Filed : January 26, 2009)

———————

OPINION

———————

FUENTES, Circuit Judge:

Debra Killingsworth appeals from the District Court's grant of summary judgment in favor of John E. Potter, the Postmaster General of the United States, on her claim of sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). She argues that the District Court erred when it failed to equitably toll Title VII's 45-day filing requirement because she was prevented from contacting an Equal Employment Opportunity ("EEO") counselor. For the reasons stated below, we will affirm.[1]

Because we write exclusively for the parties, we only discuss the facts and proceedings to the extent necessary for resolution of this case. Killingsworth was employed by the United States Postal Service as a mail processor and supervisor at the Philadelphia Processing and Distribution Center beginning in 1994. She claims that between late 2003 and November 2004, multiple coworkers harassed her on several occasions. In July 2004, Killingsworth reported the problems to a supervisor, as well as the Employee Assistance Program Supervisor. She did not initiate a complaint or pre-complaint counseling with the EEO office. Following a nervous breakdown that required hospitalization in September 2004, Killingsworth gave a postal supervisor a full statement regarding her allegations.

Killingsworth did not file a formal Title VII complaint with the EEO office until

---

[1]     The District Court had jurisdiction under 28 U.S.C. § 1331.  We have jurisdiction pursuant to 28 U.S.C. § 1291.

2

March 31, 2005, which the EEO office dismissed as untimely because it was not filed within 45 days of the last discriminatory incident, which allegedly occurred on November 3, 2004. Killingsworth filed a complaint in District Court on August 10, 2005.[2] Defendants moved to dismiss based on Killingsworth's failure to exhaust administrative remedies. In response, Killingsworth submitted a declaration in which she explained that she provided a statement to a postal supervisor regarding her allegations of sexual harassment following her hospitalization in September 2004. As a result, the District Court denied Defendants' motion to dismiss. The parties then engaged in discovery, including a deposition of Killingsworth in which she gave testimony consistent with her previous declaration. In her deposition testimony, Killingsworth specifically noted that the postal supervisor taking her statement in September 2004 did not mention Killingsworth's rights under the EEO.[3] Defendants then moved for summary judgment based on Killingsworth's failure to exhaust administrative remedies. Killingsworth responded with a new declaration which contained a different account of the September 2004 meeting with the postal supervisor. In this declaration, Killingsworth described, in detail, filling out EEO forms to initiate a formal EEO complaint. This testimony directly

---

[2]  The defendants listed in the complaint are the Postmaster General of the United States, Roland Ragsdale, Glenn Sullivan, and Louis Spadaro. We refer to them collectively as "Defendants."

[3]  However, there is evidence in the record that demonstrates that Killingsworth received ample training regarding human resources policies, including the administrative requirements of Title VII.

contradicted her previous declaration and deposition testimony. The District Court concluded that Killingsworth's second declaration was a "sham affidavit," submitted to create a genuine issue of material fact to defeat Defendants' motion for summary judgment. Therefore, the District Court disregarded the second declaration and granted Defendants' motion. On appeal, Killingsworth does not dispute that she ran afoul of the 45-day time limit to initiate an EEO complaint, but she claims that she is entitled to equitable tolling because postal officials "misled" her into thinking that they were acting on behalf of the EEO office.[4]

Title VII allows an aggrieved employee to bring a claim against his or her employer in federal court, but only if the employee first exhausts administrative remedies. 42 U.S.C. § 2000e-16(c). One of those requirements is that an aggrieved employee must consult with an EEO counselor prior to filing a complaint in an effort to informally resolve the matter. 29 C.F.R. § 1614.105(a). The aggrieved employee must initiate contact with an EEO counselor within 45 days of the allegedly discriminatory act. 29 C.F.R. § 1614.105(a)(1). Because the 45-day time limit is not jurisdictional, courts can permit equitable tolling of the time limit under extraordinary circumstances, such as where a defendant has "actively misled" a plaintiff regarding her rights; where a plaintiff "in some extraordinary way has been prevented from asserting" her rights; or where a

---

[4]  We exercise plenary review over a district court's summary judgment ruling. Township of Piscataway v. Duke Energy, 488 F.3d 203, 208 (3d Cir. 2007).

4

plaintiff has timely asserted her rights mistakenly in the wrong forum. Robinson v.

Dalton, 107 F.3d 1018, 1021-22 (3d Cir. 1997).

Neither of Killingsworth's arguments for equitable tolling have merit. She first

contends that her mental condition effectively disabled her, and prevented her from filing

an EEO complaint. However, she offers no evidence to support this argument. Her

second contention is that she was misled into believing that she filed a formal complaint

with the EEO at her September 2004 meeting with a postal supervisor. The only evidence

that supports this contention is Killingsworth's second declaration, which she submitted

in response to Defendants' motion for summary judgment, and which directly contradicts

her prior testimony.

We have previously endorsed the "sham affidavit" doctrine, in which courts may

disregard an affidavit submitted in opposition to a motion for summary judgment "when

the affidavit contradicts the affiant's prior deposition testimony." In re CitX Corp., 448

F.3d 672, 679 (3d Cir. 2006) (quoting Baer v. Chase, 392 F.3d 609, 624 (3d Cir. 2004)).

Killingsworth's conflicting affidavit falls squarely within the "sham affidavit" doctrine.

In her first declaration, and in her deposition testimony given under oath, Killingsworth

stated that there was no mention of an EEO complaint during her September 2004

meeting with the postal supervisor following her hospitalization. However, when

Defendants moved for summary judgment, Killingsworth submitted a declaration that

contradicted her prior testimony, and in which she recalled with great clarity, including

5

form numbers, filling out a formal EEO complaint.  It appears that Killingsworth's second declaration contained statements inconsistent with her deposition testimony in an effort to create a genuine issue of material fact to defeat summary judgment. Accordingly, the District Court did not err when it discounted her second declaration.

For the foregoing reasons, we will affirm the District Court's grant of summary judgment for Defendants.