BLD-301                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3177
_____

DOREEN ERNANDEZ,
                              Appellant

v.

MERRILL LYNCH
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 10-cv-05614)
District Judge:  Honorable Stanley R. Chesler

_____

Submitted for Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
September 29, 2011

Before: SLOVITER, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed:  October 12, 2011 )
_____

OPINION
_____

PER CURIAM

Doreen Ernandez appeals an order of the United States District Court for the District of

New Jersey granting Defendant's motion to dismiss.  We will affirm the judgment of the

District Court.

## I.

In October 2010, Ernandez filed a Title VII employment discrimination complaint in the District Court. Ernandez, who was employed by Merrill Lynch as a Financial Advisor from February 2001 until July 2002, alleged that she was terminated from the company because of her race. Merrill Lynch moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 12(b)(6). The District Court granted the motion to dismiss, finding that Ernandez failed to timely exhaust her administrative remedies. The Court declined to grant Ernandez leave to amend the complaint on the ground of futility. Ernandez appeals.

## II.

We have appellate jurisdiction under 28 U.S. C. § 1291, and review the District Court's decision to dismiss the complaint under Rule 12(b)(6) de novo. Dique v. New Jersey State Police, 603 F.3d 181, 188 (3d Cir. 2010).

A plaintiff bringing an employment discrimination claim under Title VII must exhaust his or her administrative remedies by complying with the procedural requirements set forth in 42 U.S.C. § 2000e-5. Those requirements include filing a complaint with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged unlawful employment practice, or, if the plaintiff initially instituted proceedings with a state agency, within 300 days of the alleged unlawful employment practice. See 42 U.S.C. § 2000e-5(e)(1); Burgh v. Borough Council of Montrose, 251 F.3d 465, 472 (3d Cir. 2001).

2

Because Ernandez did not file her charge with the EEOC until July 22, 2010, approximately eight years after the limitations period had started, we agree with the District Court that her charge was untimely filed. Although EEOC procedural requirements are subject to equitable tolling, see Ruehl v. Viacom, Inc., 500 F.3d 375, 384 (3d Cir. 2007) and Robinson v. Dalton, 107 F.3d 1018, 1021 (3d Cir. 1997);[1] Ernandez did not allege any facts supporting equitable tolling in her complaint, nor did she in her response to Defendant's motion to dismiss. On appeal, Ernandez does not argue that the District Court erred in determining that she failed to timely pursue her administrative remedies with the EEOC, or that amendment of her complaint would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

As we conclude that the District Court's dismissal of Ernandez's complaint for failure to exhaust was proper and agree that, under these circumstances, amendment of her complaint would be futile, we will summarily affirm the judgment of the District Court. See 3d Cir. LAR 27.4; I.O.P. 10.6.

---

[1] A court will excuse a plaintiff's failure to follow EEOC deadlines: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994).