NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2208
_____

COLEEN A. REMP,
                                        Appellant

v.

ALCON LABORATORIES, INC.


_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 5-13-cv-06407)
District Judge:  Honorable Lawrence F. Stengel
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 19, 2017

Before: FISHER, [*] HARDIMAN, and GREENAWAY, Jr., *Circuit Judges*.


(Filed: July 25, 2017)


_____

OPINION[**]
_____

---

[*] Honorable D. Michael Fisher, United States Circuit Judge for the Third Circuit, assumed senior status on February 1, 2017.
[**] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Appellant Coleen Remp ("Remp") seeks reversal of the District Court's decision to grant a Motion for Summary Judgment in favor of Appellee Alcon Laboratories, Inc. ("Alcon"). For the reasons stated herein, we will affirm the District Court.

## I. BACKGROUND

Remp began working at Alcon as an employee in 1992. She received promotions within Alcon's purchasing department in 1993, 1995, 1998, and 2003. In 2010, 2011, 2012, and 2013, Remp received raises in pay, and for several months in 2011, Remp supervised a temporary employee.

On two occasions, Remp advanced more slowly than Jeffrey Wolf ("Wolf"), a younger man. In 2008, Remp applied for a "lateral move" into Alcon's planning department, App. 77, but Alcon filled the position with Wolf. In 2012, Wolf received an unannounced "development opportunity" to fill a vacancy created by another employee's temporary absence. App. 92. This development opportunity was not a promotion and did not include any additional compensation.

Shortly after learning that Wolf had received this 2012 development opportunity, Remp met with her immediate supervisor, Kenneth Stevenson, and the Human Resources Manager, William McQueen. At the meeting, she objected to Alcon's decision to provide Wolf with this development opportunity and expressed her concern that she had fallen victim to discrimination. The parties disagree on the exact words used during this meeting and the implications of those words. They agreed, however, in their respective

2

depositions, that McQueen told Remp that filing a discrimination suit against Alcon could lead to a lawsuit and an internal investigation performed by the Business Practices Office ("BPO").  Remp testified that McQueen said, "I'm going to call BPO on you" and "I'm going to also sue you for defamation of character."  App. 108.  McQueen attested, "I said, do you realize that if you go out and you speak about other people in a very negative manner without being able to back it up, you could—this could be a BPO call or somebody could take legal action against you."  App. 591.

On November 26, 2012, Remp filed an EEOC Charge of Discrimination alleging sex discrimination, age discrimination, and retaliation.  On August 23, 2013, Remp received an EEOC Notice of Right to Sue, and on November 7, 2013, she filed suit in the United States District Court for the Eastern District of Pennsylvania.  Alcon filed a Motion for Summary Judgment and the District Court granted that motion.  Remp now appeals the District Court's Order.

## II.    JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331.  We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

"We exercise plenary review over a district court's grant of summary judgment." *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 218 (3d Cir. 2015).  "We will affirm if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Revock v. Cowpet Bay W. Condo. Ass'n*, 853 F.3d 96, 104 (3d Cir. 2017) (quoting Fed. R. Civ. P. 56(a)).

3

## III.    ANALYSIS

Remp brings three types of claims.  First, she claims that Alcon discriminated against her because of her sex and age when it hired Wolf for the lateral position in 2008 and gave him the development opportunity in 2012.  She brings her sex discrimination claims pursuant to 42 U.S.C. § 2000e-2 ("Title VII") and 43 Pa. Cons. Stat. § 953 ("PHRA"); and she files her age discrimination claims pursuant to 29 U.S.C. § 623 ("ADEA") and the PHRA.  Second, Remp argues that Alcon retaliated against her during her meeting with Stevenson and McQueen when McQueen told her that her actions could lead to a lawsuit and an internal investigation against her.  She makes this complaint pursuant to 42 U.S.C. § 2000e-3.  Third, Remp asserts that Alcon intentionally inflicted emotional distress on her, a tort under Pennsylvania common law, when it performed and failed to correct the discriminatory and retaliatory behavior described above.  We find these three arguments unavailing and affirm the District Court.[1]

## A.    Discrimination Claims

To resolve complaints brought pursuant to Title VII or the ADEA, we use the burden shifting test established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *Wishkin v. Potter*, 476 F.3d 180, 185 (3d Cir. 2007).  We rely on the same framework for PHRA complaints.  *Kautz v. Met-Pro Corp.*, 412 F.3d 463, 466 n.1 (3d Cir. 2005).  To carry the initial burden under this test, the employee

---

[1] Because we find Remp's substantive claims unpersuasive, we need not address Alcon's procedural defense.

must first show (1) that the employee "belong[ed] to a protected class"; (2) that the employee "was qualified for the position"; (3) that the employee "was subject to an adverse employment action"; and (4) that "the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position." *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003).

The parties agree that this is the appropriate test. They come to different conclusions, though, because they disagree about, first, whether a statute of limitations prevents us from considering Remp's failed attempt to secure the 2008 lateral position and, second, whether Wolf's 2012 development opportunity qualifies as an adverse employment action. We answer both of these questions in Alcon's favor.

1. **Statute of Limitations**

The statute of limitations prevents Remp from challenging Alcon's 2008 decision to hire Wolf for the lateral position.

"A plaintiff 'must exhaust all required administrative remedies before bringing a claim for judicial relief.'" *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013) (quoting *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997)). Filing a Charge of Discrimination with the EEOC and procuring a Notice of the Right to Sue satisfy this exhaustion requirement for the purposes of Title VII, *id.*, and the ADEA, *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 382 (3d Cir. 2007). Dual-filing an EEOC Charge of Discrimination meets the PHRA's prerequisites. *Mandel*, 706 F.3d at 163.

A plaintiff may not challenge discrete acts that occurred more than 300 days before the plaintiff exhausted administrative remedies. 42 U.S.C. § 2000e-5(e)(1).

5

"Discrete acts" include "termination, failure to promote, denial of transfer, or refusal to hire . . . ." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002).

This law prevents Remp from contesting Alcon's 2008 decision to hire Wolf for two reasons. First, the 2008 decision occurred more than 300 days before Remp exhausted the administrative remedies because Remp filed her Charge of Discrimination on November 26, 2012, and because the disputed action occurred sometime between January 8, 2008, and June 8, 2008. Second, the 2008 decision qualifies as a discrete act because discrete acts include "failure to promote" and "denial of transfer," *id.* at 114, and because the 2008 decision to hire Wolf, not Remp, for the lateral position resembles either a failure to promote or a denial of transfer.

2. **Adverse Employment Action**

Remp's challenge to Alcon's 2012 decision to place Wolf in a development position fails on the burden shifting test's third prong because Remp has not shown that this decision qualifies as an "adverse employment action." *Sarullo*, 352 F.3d at 797.

The Supreme Court has interpreted "adverse employment action" to mean "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998). We have added other employment decisions to this list of adverse employment actions, such as placing an employee in a potentially less profitable sales position, *Goosby v. Johnson & Johnson Medical, Inc.*, 228 F.3d 313, 319 (3d Cir. 2000); failing to rehire someone, *Sarullo*, 352 F.3d at 800; suspending someone without pay, *Weston v.*

6

*Pennsylvania*, 251 F.3d 420, 430 (3d Cir. 2001); and revoking a person's office, dismissing her secretary, and assigning her less work, *Durham Life Insurance Co. v. Evans*, 166 F.3d 139, 153–54 (3d Cir. 1999). We have circumscribed the limits of this doctrine by finding that merely reprimanding someone, *Weston*, 251 F.3d at 431, or only suspending an individual with pay, *Jones v. Southeastern Pennsylvania Transportation Authority*, 796 F.3d 323, 326 (3d Cir. 2015), do not amount to adverse employment actions.

Remp has not shown that Alcon took an adverse employment action when it placed Wolf in the 2012 development position. As an initial matter, Remp conceded during her deposition that the decision "wasn't a promotion," a model adverse employment action, but was, instead, "just a development opportunity for Mr. Wolf . . . ." App. 92. Along the same lines, Remp also admitted that the position did not entail an "increase in salary at that point in time . . . ." *Id.*

Instead, she argues that the development position would give Wolf supervisory experience, and that this supervisory experience would make Wolf eligible for a promotion. Stevenson, Remp's immediate supervisor, agreed that this interim position would provide Wolf with supervisory experience and would "potentially" prepare him for a promotion. App. 350.

The decision to place Wolf in the development position did not rise to the level of an adverse employment action, however, because Remp has not shown that the placement increased Wolf's opportunity for advancement relative to her. Two undisputed facts support this assertion. First, as Remp admits, she had already gained supervisory

7

experience, the benefit afforded by the development opportunity. Second, as Stevenson asserts and Remp fails to refute, placing Wolf in the development position did not make him qualified for a single promotion that fell beyond Remp's reach because, again, she too had supervisory experience.

## B.    Retaliation Claim

Remp's retaliation claim fails for a similar reason, namely her inability to show that she suffered an adverse employment action:

> To establish discriminatory retaliation under Title VII, a plaintiff must demonstrate that: (1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action.

*Nelson v. Upsala Coll.*, 51 F.3d 383, 386 (3d Cir. 1995). In this context, acts of retaliation qualify as adverse employment actions if they "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Moore v. City of Philadelphia*, 461 F.3d 331, 341 (3d Cir. 2006), *as amended* (Sept. 13, 2006) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)). However, "An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." *Burlington N. & Santa Fe Ry. Co.*, 548 U.S. at 68.

In *Estate of Oliva ex rel. McHugh v. New Jersey*, we interpreted *Burlington*'s reasonable worker standard and found that transferring a state trooper from one station to another and making his daily commute four and a half miles longer would not have dissuaded a reasonable worker from making or from supporting a charge of

8

discrimination because the trooper failed to show that the transfer "was more than a trivial inconvenience."  604 F.3d 788, 799 (3d Cir. 2010).

Remp's claim falls below the bar set by *Estate of Oliva ex rel. McHugh*.  Remp alleges that Alcon's Human Resource Manager retaliated against her after she reported alleged discrimination by warning her that someone could file an anti-defamation suit against her, and by threatening to report Remp to the department responsible for internal discipline.  As Remp admits, though, Alcon has not disciplined her and no one has filed suit against her.  As a result, Remp has failed to show that these hollow threats amounted to "more than . . . trivial inconvenience[s]," *id.*, or could "have dissuaded a reasonable worker from making or supporting a charge of discrimination."  *Burlington N. & Santa Fe Ry. Co.*, 548 U.S. at 68.

## C.    Intentional Infliction of Emotional Distress

Remp has not shown that Alcon intentionally inflicted emotional distress on her.  To make a successful intentional infliction of emotional distress claim, a plaintiff must identify actions "of an extreme or outrageous type."  *Cox v. Keystone Carbon Co.*, 861 F.2d 390, 395 (3d Cir. 1988) (internal quotation marks omitted).  Extreme or outrageous actions are "atrocious, and utterly intolerable in a civilized society."  *Id.*  They "go beyond all possible bounds of decency . . . ."  *Id.*

Remp claims that Alcon intentionally inflicted emotional distress on her when one of its employees warned her of a potential lawsuit and threatened to report her to Alcon's internal discipline department.  This claim fails for two reasons.  First, Remp has not identified actions "of an extreme or outrageous type."  As explained above, the protested

9

actions, warnings of an internal investigation or a lawsuit, do not amount to adverse employment actions for the purpose of a retaliation claim, let alone "atrocious" acts, "intolerable in a civilized society." *Id.* Second, Remp has not proffered any evidence to suggest that she suffered any emotional distress as a result of these actions. Indeed, she admitted in her deposition that she has never visited a psychiatrist. Thus, this claim must fail.

## IV. CONCLUSION

For the foregoing reasons we will affirm the District Court.