

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-8-2007

# Collins v. Sload

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1638

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Collins v. Sload" (2007). *2007 Decisions.* Paper 1803.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1803

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1638

ED COLLINS,
Appellant

v.

PAUL SLOAD, Individually and in his official capacity as
Chief of the Commonwealth of Pennsylvania Department of Revenue;
ROBERT M. SHARPE, Individually and in his official capacity as
Supervisor of the Commonwealth of Pennsylvania Department of Revenue;
ROBERT A. JUDGE, SR.

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Civil Action No. 99-cv-0829
(Honorable Sylvia H. Rambo)

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 2, 2007

Before: SCIRICA, <u>Chief</u> <u>Judge</u>, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Filed   January 8, 2007 )

OPINION OF THE COURT

PER CURIAM.

Ed Collins appeals from an order dismissing part of his employment discrimination lawsuit; a later order granting summary judgment in favor of the defendants on all remaining claims; and an order denying his motion to expand discovery. In 2004, Collins filed an amended complaint alleging numerous civil rights claims under 42 U.S.C. § 2000e ("Title VII"), 42 U.S.C. §§ 1981, 1983, 1985, 1986 and the Pennsylvania Human Relations Act ("PHRA").[1] The District Court initially dismissed some of Collins' Title VII claims as time-barred and unexhausted, held that the Eleventh Amendment barred Collins' claims under §§ 1981, 1983, 1985, and 1986 against some defendants, and concluded that some of Collins' §§ 1985 and 1986 claims were time-barred. Later, the District Court granted summary judgment to the defendants on what remained of those claims and the §§ 1981 and 1983 claims. Finding no merit to the contentions in Collins' appellate brief and no error with the District Court's actions, we will affirm.

A. Title VII claims

Collins first argues that the District Court erred by dismissing some of his Title VII claims as time-barred and unexhausted. We disagree. Collins alleged in his complaint,

---

[1]Collins originally filed suit in 1999, alleging Title VII and § 1981 claims of employment discrimination based upon race. His Title VII and § 1981 claims were dismissed for failure to exhaust. On appeal, this Court vacated and remanded on that issue, and Collins filed an amended complaint, referred to by the District Court and the parties as Collins' second amended complaint. See Collins v. Sload, No. 01-4529, slip op. at 1 (3d Cir. Jan. 28, 2004) (non-precedential).

2

(as he had in the complaint that we had considered previously) that he had filed EEOC charge #170980522 in December 1996. However, the defendants filed a motion to dismiss in which they pointed out that Collins had not in fact filed the EEOC complaint until January 12, 1998, and that, therefore, any factual allegations occurring more than 300 days prior to that date were time-barred. The District Court agreed with the defendants and limited the basis of Collins' Title VII claims to events after March 25, 1997. As a practical matter, Collins' claim for failure to promote from August 1994 until November 1996 was dismissed as outside the 300-day period, but his other claims of receiving an unfavorable evaluation on July 14, 1997, and being subjected to humiliation on September 23, 1997, remained in the lawsuit. In that same order, the District Court dismissed without prejudice additional claims which Collins had apparently asserted through later PHRA/EEOC complaints (on July 28, 2000, July 27, 2001, and February 3, 2004), but for which no right-to-sue notices had issued. The District Court provided Collins with the opportunity to amend his complaint in the future if he could demonstrate that he received right-to-sue notices.

We review the District Court's determination that some of Collins' Title VII claims were time-barred and unexhausted under a plenary standard of review. See, e.g., Anderson v. Consol. Rail Corp., 297 F.3d 242, 251 (3d Cir. 2002). Under Title VII, plaintiffs must file a charge with the EEOC within 300 days of the alleged discriminatory act, if they also file an action with a parallel state agency. See 42 U.S.C. § 2000e-5(e)(1).

3

On appeal, as proof that he filed an EEOC complaint in December 1996, Collins submitted an appointment form to schedule a meeting with an EEOC representative on December 16, 1996, and a letter from the EEOC outlining the process for filing a charge dated January 7, 1996.[2] However, these documents do not constitute EEOC charges under 42 U.S.C. § 2000e-5.[3] Instead, as the EEOC charging document filed by defendants with their motion to dismiss reflects, the EEOC charge Collins references in his complaint, #170980522, was filed in January 1998, not in December 1996.

As for the allegations in the latter three complaints, we find no error with their dismissal without prejudice for failure to exhaust. Even though the District Court gave Collins the opportunity to amend his complaint should he have or receive the right-to-sue notices, Collins apparently never came forward with such notices to demonstrate that he exhausted his administrative remedies. Instead, he filed a motion to expand discovery without ever addressing the issue of the absence of right-to-sue notices. See Part E, infra.

---

[2]The "1996" date appears to be a typographical error because Collins contends he received this letter after December 16, 1996.

[3]It is worth noting that neither of these documents details the nature of Collins' allegations, and, considering that part of the function of an EEOC complaint is to provide a respondent with notice of the charge(s) made, they would hardly suffice to do so. Furthermore, Collins does not argue that the limitations period should be equitably tolled; rather, he argues that the documents that he submitted comprised his complaint. But even considered under the equitable tolling doctrine, Collins has never explained what caused the delay in meeting and/or corresponding with the EEOC in December 1996 and January 1997, and filing his formal EEOC complaint in January 1998, or otherwise presented any ground for equitable tolling. See Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997) (outlining appropriate circumstances for equitable tolling).

4

We find that it was entirely appropriate for the District Court to dismiss those claims. See, e.g., Flight Sys., Inc. V. Elec. Data Sys. Corp., 112 F.3d 124, 127 (3d Cir. 1997) (affirmative defenses may be considered in a motion to dismiss under Rule 12(b)(6) where the defense would "present an insuperable barrier to recovery by the plaintiff").

Collins maintains that the District Court erred in granting summary judgment to the defendants on the Title VII and PHRA claims that remained in the suit after the partial dismissal on the defendants' motion to dismiss.[4] As the District Court pointed out, however, Collins never even established a prima facie case under the McDonnell Douglas standard for his remaining claims of receiving an unfavorable evaluation on July 14, 1997, and being subjected to humiliation on September 23, 1997. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

Specifically, Collins failed to show that he had suffered an adverse employment action. An adverse employment action may be a discharge or a failure to hire, or any action that alters an employee's compensation, terms, conditions, or privileges of employment. See Robinson v. City of Pittsburgh, 120 F.3d 1286, 1300 (3d Cir. 1997). As to the allegations relating to July 14, 1997, Collins merely showed that he received a "satisfactory" rating in an employment evaluation. He did not demonstrate that the rating deprived him of employment opportunities or otherwise altered the terms or conditions of

---

[4]The District Court analyzed Collins' remaining Title VII claims simultaneously under the PHRA, and we will do the same, as the two statutory schemes employ the same criteria.

5

his employment. The satisfactory rating does not rise to the level of an actionable violation under the circumstances of this case. See Robinson, 120 F.3d at 1301. As to the allegations relating to September 23, 1997, Collins simply did not present any evidence that he was humiliated. In his deposition, he testified that he was not "totally sure" that he was harassed and that he did not recall how he was humiliated. (Supp. app. 90-93.) The District Court was correct in concluding that Collins' clouded recollections of possible humiliation were not enough to withstand the defendants' motion for summary judgment.

### B. § 1981 claims

The District Court did not err in dismissing Collins' claims for damages under § 1981 against defendants in their official capacities on the basis of Eleventh Amendment immunity.[5] See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Furthermore, as the District Court concluded, although Collins tried to supplement his remaining allegations of discriminatory intent with voluminous exhibits, he failed to show, through his exhibits or otherwise, the purposeful discrimination necessary to

---

[5]We also agree with the District Court that Eleventh Amendment immunity provided the defendants a similar shield against the claims for damages against them in their official capacities under §§ 1983, 1985, & 1986. Furthermore, we note that the Eleventh Amendment barred the suit under §§ 1981, 1983, 1985, & 1986 against defendant Department of Revenue of the Commonwealth of Pennsylvania, who is not participating in this appeal. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984).

establish a claim under 42 U.S.C. § 1981. See Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania, 458 U.S. 375, 391 (1982).

C. § 1983 claims

The District Court did not err in granting summary judgment on the remaining § 1983 claims. Collins alleged that the defendants violated his rights under the First and Fourteenth Amendments by intentionally discriminating against him and retaliating against him for opposing discriminatory practices. However, Collins failed to point to evidence of any discriminatory intent on the part of the defendants to establish his equal protection claim under the Fourteenth Amendment. Even assuming that any opposition that he raised to discrimination was protected conduct, Collins did not show that defendants retaliated against him for any such opposition to meet his burden to show a First Amendment violation, either. Despite his voluminous submission of e-mails, other correspondence, and the like, as well as the opportunity to describe perceived wrongs at his deposition, he did not articulate how the defendants may have humiliated or harassed him or otherwise retaliated against him through (as he had alleged) "manipulation of . . . personnel and disciplinary rules." Even to the extent that Collins may have suggested that he lost opportunities for advancement, he did not show that any constitutionally protected conduct served as a substantial or motivating factor for those lost opportunities.

D. §§ 1985 & 1986 claims

In his appellate brief, Collins lodges several criticisms of the District Court's rejection of his conspiracy claims.[6] We interpret these criticisms as challenges to the District Court's denial of his §§ 1985 and 1986 claims. However, we see no error in the District Court's decision, in response to the defendants' motion, to limit Collins' §§ 1986 and 1985 claims to those that arose within one year or two years, respectively, of the initial filing of Collins' complaint in 1999. See 42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."); Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 80 (3d Cir. 1989) (holding that Pennsylvania's two-year statute of limitations applies to § 1985 claims).

Furthermore, we conclude that the District Court did not err in granting summary judgment in favor of the defendants on the remaining claims under §§ 1985 and 1986. To establish a claim under § 1985, a plaintiff must show "'(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or

---

[6]Collins also accuses the District Court judge of bias and makes claims that justice was offered "to the highest bidder," and that the District Court "operates as a rubber stamp for Executive Power/State Power vs. a safeguard of the people's rights and the prevention of abuse of state power." Collins provides absolutely no substantiation of his allegations, and we need not address such bald, intemperate accusations here.

8

property or deprived of any right or privilege of a citizen of the United States.'" Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006) (quoting United Bhd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 828-29 (1983)). In support of his claims, Collins pointed specifically to exhibits C-1 through C-33 that he submitted in support of his motion for summary judgment. The exhibits, relating to grievances Collins had filed and correspondence between Collins and his attorney, do not support Collins' claim. In the hundreds of other pages of exhibits submitted with his motion for summary judgment, there is no proof of a § 1985 violation, despite Collins' allegations of conspiracy included in attached e-mails and other documents authored by him. Similarly, no evidence of a § 1985 violation is apparent in the two hundred pages of exhibits that Collins submitted with his reply brief. Although he claimed in his response to the defendants' motion for summary judgment that some of his co-workers have submitted false statements against him, his bald accusations do not suffice to make out a claim. In sum, Collins did not establish the elements of a § 1985 violation.

Collins' claims under § 1986 necessarily failed in the absence of a violation of § 1985. See Rogin v. Bensalem Twp., 616 F.2d 680, 696 (3d Cir. 1980) ("Because transgressions of § 1986 by definition depend on a preexisting violation of § 1985, if the claimant does not set forth a cause of action under the latter, its claim under the former necessarily must fail also.").

E. Denial of motions to enlarge discovery deadlines and add Title VII claims

As stated above, in its April 18, 2005 memorandum, the District Court provided Collins with an opportunity to amend his complaint to demonstrate that he had properly exhausted his administrative remedies, namely, that he had received right-to-sue notices on his three PHRC/EEOC complaints. He did not. Instead, he filed motions to expand discovery deadlines and to include additional Title VII claims.

We discern no abuse of discretion with respect to the denial of Collins' discovery motion or motion to add claims. See Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1310 (3d Cir. 1995) (applying abuse of discretion standard "when reviewing orders regarding the scope and conduct of discovery"). The District Court acted within its discretion when it denied Collins' request to enlarge discovery deadlines, on the heels of the numerous, previous extensions of filing deadlines so that Collins could continue to try to secure counsel. Although Collins proceeded pro se, the District Court was not obligated to provide him with endless opportunities to conduct discovery and/or add claims. At some point, undue prejudice to the defendants must be considered, especially in a long-pending case. Here, the order denying the motion was entirely reasonable.

Finally, as the District Court made plain, Collins' Title VII claims were unexhausted, and had previously been dismissed as such. His attempt to add claims while steadfastly failing to demonstrate exhaustion was not well received, nor should it have been. We do not disagree with the District Court's order denying this motion.

10

In conclusion, some of Collins' claims were time-barred, unexhausted, or barred on immunity grounds. Of his claims that survived the defendants' motion to dismiss, none was supported by evidence sufficient to survive the defendants' motion for summary judgment. Therefore, the District Court properly entered judgment in favor of the defendants and against Collins. Accordingly, we will affirm the judgment of the District Court.