NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1757
_____

ASIA FRASIER-KANE,
                                        Appellant
v.

CITY OF PHILADELPHIA;
POLICE OFFICER DEONA S. CARTER
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 2-11-cv-06055
(Honorable Legrome D. Davis)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 7, 2013

Before:  SCIRICA, AMBRO, and FUENTES, *Circuit Judges*.

(Filed: March 29, 2013)

_____

OPINION OF THE COURT
_____

SCIRICA, *Circuit Judge*.

Plaintiff appeals the district court's order granting defendants' motion to dismiss her claims under Fed. R. Civ. P. 12(b)(6). Because plaintiff brought suit outside of the limitations period, we will affirm.

I.

Plaintiff Asia Frasier-Kane alleges that on May 15, 2005, defendant Deona S. Carter, a police officer, assaulted her and then falsely told other police officers who responded to the scene that plaintiff had been the instigator. Plaintiff alleges these officers then arrested her. Plaintiff alleges that after investigating the incident, the Internal Affairs Division of the Philadelphia Police Department found Carter had falsified her May 15, 2005 police report and suspended her from active duty for twenty days. Following the suspension, plaintiff alleges Carter regularly threatened to harm her— particularly if plaintiff "sa[id] anything else." Compl. ¶ 27. Plaintiff further alleges Carter and fellow officers routinely engaged in acts of intimidation toward her. As a result, plaintiff contends she did not pursue legal action out of fear Carter would "severely injure or kill her." *Id*. ¶ 29. Plaintiff asserts she only brought suit once she learned that other individuals had safely brought similar suits against Carter.

Plaintiff filed suit against Carter and the City of Philadelphia on September 27, 2011, asserting civil rights violations under 42 U.S.C. § 1983 as well as state law claims. The district court dismissed plaintiff's suit as untimely, finding the Pennsylvania two-year limitations period for personal injury torts applied and rejecting plaintiff's argument that the statute of limitations should be tolled for duress under Pennsylvania or federal equitable tolling principles.

Plaintiff appeals the dismissal of her claims as untimely.[1]

---

[1] The district court had jurisdiction over plaintiff's federal claims under 28 U.S.C. § 1331 and had supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. §

2

## II.

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). "Under federal law, a cause of action accrues, and the statute of limitations begins to run, 'when the plaintiff knew or should have known of the injury upon which its action is based.'" *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (quoting *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998)). The limitations period for an action under § 1983 is the limitations period for personal injury torts in the state where the cause of action arose. *Wallace*, 549 U.S. at 387. The state's tolling principles also generally govern § 1983 claims, but "[w]here state tolling principles contradict federal law or policy, federal tolling principles may apply in certain limited circumstances." *Kach*, 589 F.3d at 639. We have recognized three general circumstances in which federal equitable tolling is appropriate: "(1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims

---

1367(a). As this is an appeal from final judgment, we have jurisdiction under 28 U.S.C. § 1291. We have plenary review of an order granting a motion to dismiss a claim under Federal Rule of Civil Procedure 12(b)(6). *Gen. Motors Corp. v. New A.C. Chevrolet, Inc.*, 263 F.3d 296, 325 (3d Cir. 2001). "We 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Byers v. Intuit, Inc.*, 600 F.3d 286, 291 (3d Cir. 2010) (quoting *Grammer v. John J. Kane Reg'l Ctrs.—Glen Hazel*, 570 F.3d 520, 523 (3d Cir. 2009)). A statute of limitations defense may be asserted in a motion to dismiss under Rule 12(b)(6) "where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994).

in a timely manner but has done so in the wrong forum." *Lake v. Arnold*, 232 F.3d 360, 370 n.9 (3d Cir. 2000).

The parties agree plaintiff's cause of action arose in Pennsylvania, which has a two-year statute of limitations for personal injury torts. *See Kach*, 589 F.3d at 634 (citing 42 Pa. Cons. Stat. § 5524(2)). Plaintiff's cause of action accrued on May 15, 2005, the date of the alleged assault. Because plaintiff did not file suit until September 27, 2011, her claims are untimely unless the statute of limitations is tolled.

Plaintiff does not argue that Pennsylvania would toll the statute of limitations on the circumstances of this case. *See id.* at 640 ("[N]either the Supreme Court of Pennsylvania nor either of Pennsylvania's intermediate appellate courts has definitively, or even circumspectly, addressed whether duress may toll the statute of limitations."). But plaintiff contends Pennsylvania tolling principles are inconsistent with the policies underlying § 1983, and therefore federal tolling principles should apply. Plaintiff argues we should toll the statute of limitations because the duress under which she was placed by defendant Carter constituted an extraordinary circumstance.

While we are skeptical that Pennsylvania tolling principles frustrate the policies underlying § 1983, we need not consider the issue because, like the district court, we find even our federal equitable tolling principles would not toll the statute of limitations for plaintiff.

"Federal courts may toll statutes of limitations for federal laws where the plaintiff 'in some extraordinary way has been prevented from asserting his or her rights.'" *Lake*, 232 F.3d at 370 (quoting *Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997)). But

4

"[t]he remedy of equitable tolling is extraordinary, and we extend it 'only sparingly.'" *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009) (quoting *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). In *Kach*, the plaintiff alleged she was held captive by a security guard from her middle school for ten years, from February 1996, when she was fourteen, to March 2006. 589 F.3d at 630-32. Kach brought a § 1983 suit against city officials, school district officials, and others in September 2006, contending her claims should not be barred by Pennsylvania's two-year statute of limitations[2] because, among other reasons, she was under duress from her captor until she was removed from his house in March 2006. *Id.* at 639-40. We affirmed the district court's grant of summary judgment for defendants, finding Kach's § 1983 claims untimely. *Id.* at 651. We explained that while "[t]he circumstances of Kach's case certainly may be described as 'extraordinary' in the vernacular sense of that word[,] [w]e nevertheless conclude that Kach has not met her burden of showing that this is one of those extraordinary cases warranting the application of any federal equitable tolling provision." *Id.* at 645 (citation omitted).

*Kach* effectively forecloses plaintiff's argument that duress should toll the statute of limitations. If there were any doubt, a comparison to *Hilao v. Estate of Marcos*, 103 F.3d 767 (9th Cir. 1996), which plaintiff cites in her brief for support, is illustrative. In *Hilao*, a class of Philippine nationals brought suit against their former president, Ferdinand E. Marcos, alleging they suffered torture and other human rights violations under his regime. *Id.* at 771. The Ninth Circuit tolled the statute of limitations on

---

[2] With accrual at her eighteen birthday in October 1999.

plaintiffs' claims for the time that Marcos was president because many victims "did not report the human-rights abuses they suffered out of intimidation and fear of reprisals," which the court found understandable, and because of "the effective dependence of the judiciary on Marcos" as well as his immunity from suit while in office. *Id.* at 773.

*Hilao* is clearly distinguishable on its facts. First, the alleged duress in *Hilao* was one of several compelling factors influencing the court's decision to toll the statute of limitations. Second, Marcos allegedly exercised comprehensive control over Philippine society and hence over the plaintiffs' ability to obtain relief. Defendant Carter is by no means an authority figure capable of exerting influence of a similar magnitude.

Very few situations will be considered "extraordinary" like those in *Hilao*. Plaintiff's alleged circumstances—much like those in *Kach*—do not rise to such a level. Accordingly, the statute of limitations may not be tolled.

III.

We will affirm the judgment of the district court dismissing plaintiff's claims with prejudice.[3]

---

[3] "[I]nadequate complaints should be dismissed without granting leave to amend . . . if amendment would be . . . futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 106 (3d Cir. 2002).