NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1745
_____

LORRAINE A. KOKINCHAK,
                                             Appellant

v.

POSTMASTER GENERAL OF THE UNITED STATES

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-13-cv-06281)
District Judge: Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 4, 2016

Before: JORDAN, GREENBERG, and SCIRICA, Circuit Judges

(Filed: February 3, 2017)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Lorraine Kokinchak, an employee of the United States Postal Service, brought this action against her employer, the Postmaster General of the United States, asserting claims for sexual harassment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as well as claims under New Jersey state law. The District Court granted the Postmaster's motion to dismiss under Rule 12(b)(6), and we will affirm.

## I.

Kokinchak alleges a co-worker, Jeffrey Brents, whom she had previously accused of sexual harassment in 1999, subjected her to a hostile work environment in 2008 and 2009. This case relates to those 1999 allegations. In 1999, Kokinchak alleged Brents spoke to her and touched her in sexually inappropriate ways. Based on that behavior, Kokinchak filed a lawsuit asserting sexual harassment claims. The district court in that case granted the Postmaster General's motion for summary judgment, *Kokinchak v. U.S. Postal Serv.*, No. 99-4835 (D.N.J. Apr. 16, 2001), and Kokinchak appealed. While the case was pending on appeal, Kokinchak settled her claims with the Postmaster General. The settlement agreement, which was filed with the court, stated that "[t]his agreement shall not constitute an admission of liability or fault on the part of the defendant or on the part of any of the defendant's agents [or] employees." Kokinchak also agreed, as part of the settlement, to "release and forever discharge" the Postal Service "from any and all claims, demands and causes of action" arising from the actions giving rise to the lawsuit.

Kokinchak filed the present lawsuit after she alleged Jeffrey Brents began sexually

harassing her again, starting in 2008. In her Equal Employment Opportunity ("EEO") complaint, she cited three occasions. First, on June 12, 2008, Brents allegedly bumped or knocked into Kokinchak while she was talking to another co-worker, touching her "arm, purse, and lunch bag." Witnesses variously described the incident as one where Brents "brushed by her" or "bumped into her." Second, on February 12, 2009, Kokinchak "found [her]self in the presence of [Brents when he] stationed himself by the door" of a room he and Kokinchak both occupied. Third, Kokinchak alleges she came "face to face" with Brents as she exited the restroom.

The EEO administrative law judge found these allegations did not amount to a hostile work environment, and the Equal Employment Opportunity Commission ("EEOC") affirmed. The EEOC also rejected Kokinchak's contention the Postal Service unreasonably failed to prevent and correct Brents's conduct.

Kokinchak then sued in the United States District Court for the District of New Jersey, raising these same three instances of conduct. She also raised numerous other allegations for the first time, without having exhausted them at the administrative level. These allegations include Brents parking his car on the side of the building where Kokinchak worked, that he once "read the newspaper" in her office or work area, and that he had a reputation of generally "harass[ing] other female employees." At no point did Kokinchak allege Brents spoke to her; rather, all the behavior she cites after the settlement of her prior lawsuit involves Brents's sporadic presence near Kokinchak and one occasion where he allegedly bumped into her. Kokinchak's complaint also alleged the Postal Service "subject[ed] plaintiff to the presence of Mr. Brents" even though it

3

knew Brents "had sexually harassed [her] in the past," in violation of Title VII. Kokinchak asserted an additional claim for intentional and negligent infliction of emotional distress under state law.

The Postmaster General filed a motion to dismiss the emotional distress claims under Federal Rule of Civil Procedure 12(b)(1), and the Title VII claims under Rule 12(b)(6). The District Court granted the motion to dismiss because the Federal Employees Compensation Act deprived the court of subject matter jurisdiction to hear the emotional distress claims, and because Kokinchak "failed to state a claim for hostile work environment." Kokinchak timely appealed her Title VII claims.[1]

## II.[2]

We review de novo a district court's decision to grant a motion to dismiss under Rule 12(b)(6). *McTernan v. City of York*, 577 F.3d 521, 526 (3d Cir. 2009). We "are required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them after construing them in the light most favorable to the nonmovant." *Foglia v. Renal Ventures Mgmt., LLC*, 754 F.3d 153, 154 n.1 (3d Cir. 2014) (quoting *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994)).

Kokinchak contends the District Court erred in granting the Postmaster General's motion to dismiss because it should not have required her to "establish that she was subject to severe and pervasive Acts of harassment" in the past. Appellant Br. at 9. This

---

[1] She did not appeal her state law claims.
[2] The District Court had jurisdiction over Kokinchak's Title VII claims under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291.

position, however, misreads both the law and the underlying procedural history of this case.

Title VII prohibits sexual harassment that is "'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)). This type of sexual harassment claim is referred to as a hostile work environment claim. *Id.* at 18-19. "To succeed on a hostile work environment claim, the plaintiff must establish that 1) the employee suffered intentional discrimination because of his/her sex, 2) the discrimination was severe or pervasive, 3) the discrimination detrimentally affected the plaintiff, 4) the discrimination would detrimentally affect a reasonable person in like circumstances, and 5) the existence of *respondeat superior* liability." *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013) (quoting *Jensen v. Potter*, 435 F.3d 444, 449 (3d Cir. 2006), *overruled in part on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)). "The first four elements establish a hostile work environment, and the fifth element determines employer liability." *Id.*

The District Court ruled that Kokinchak failed to establish a hostile work environment claim because "[t]aking all of [her] allegations as true and in their totality . . . . [Jeffrey Brents's] actions are not sufficiently severe or pervasive to alter the conditions of employment of a reasonable person." App. at 245. The Court further rejected Kokinchak's contention she did not have to establish the behavior was severe or pervasive but that his presence alone was enough to give rise to a cause of action, finding

no merit to her contention there is such a *per se* rule. Instead, the District Court ruled the required test is the one described above—whether the plaintiff can show a hostile work environment—and it said "the mere presence of a harasser, on its own, is not enough to meet the hostile work environment standard." *Id*. at 244-245. In applying that test, the District Court "consider[ed] [Kokinchak's] required proximity to a former harasser as a factor in evaluating the existence of a hostile work environment," but a factor that was not dispositive.

We agree with the District Court. First, the behavior Kokinchak complains of was not severe or pervasive and therefore is insufficient to create a hostile work environment. In assessing whether conduct is severe or pervasive, courts consider the totality of the circumstances, including the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with the employee's work performance." *Harris*, 510 U.S. at 23. But in considering the totality of the circumstances, we filter out "simple teasing, offhand comments, and isolated incidents." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (internal quotation marks and citations omitted).

Even if we were to consider the unexhausted allegations of sexual harassment,[3] the

---

[3] Title VII does not permit courts to consider claims for sexual harassment hostile work environment which have not been raised before the EEOC and exhausted at the administrative level. *See Robinson v. Dalton*, 107 F.3d 1018, 1022 (3d Cir. 1997) (ordinarily unexhausted Title VII claims may not be considered because a "complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC [] for conciliation or resolution") (quoting *Hornsby v. U.S. Postal Service*, 787 F.2d 87, 90 (3d Cir. 1986)).

behavior Kokinchak complains about falls short of the sort of conduct courts have said constitutes hostile work environment sexual harassment. *See, e.g.*, *Harris*, 510 U.S. at 19-20; *Meritor*, 477 U.S. at 60-61. All of these allegations—those exhausted and unexhausted—consist merely of Brents's presence near Kokinchak. As the Postmaster General points out, Kokinchak "does not allege that Brents ever touched her sexually, was physically threatening, made lewd or inappropriate comments, or even that Brents spoke to her at all." Appellee Br. at 24. Even considering Brents's status as someone Kokinchak formerly accused of harassment, no instance of Brents's occasional and sporadic presence near Kokinchak could rationally be considered severe, and together they occurred too infrequently—a few occasions spanning years—to be pervasive. While they may have been subjectively unwelcomed by Kokinchak, an objective person could not conclude they altered the terms and conditions of her workplace. Title VII does not create "a general civility code for the American workplace." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998). Instead, Title VII prohibits actual "discriminat[ion] . . . because of . . . sex." *Id.*

Second, we agree with the District Court that there is no *per se* rule of hostile work environment when a plaintiff is forced to work in proximity with a former harasser. A plaintiff must prove hostile work environment using the five prong test described above, which includes showing the conduct was "severe or pervasive." *Mandel*, 706 F.3d at 167. Kokinchak cites to *Konstantopoulos v. Westvaco*, 112 F.3d 710, 718 (3d Cir. 1997), for the proposition that "[i]n order to establish a case for hostile work environment, a Plaintiff who has already been the victim of sexual harassment by the

7

same person, does not have to establish that she suffered severe and pervasive acts of harassment at the hands of the perpetrator, if the perpetrator had engaged in such a severe and pervasive conduct in the past." Appellant Br. at 9. But *Konstantopoulos* actually rejected this proposition, and there is no such theory in the Third Circuit. 112 F.3d at 717. While *Konstantopoulos* affirms that the presence of a former harasser is a relevant factor in assessing the totality of the circumstances, a factor the District Court considered, it rejected the notion that "requiring [the plaintiff] to work in proximity to [former harassers] constituted illegal sexual harassment *per se*." *Id.*

## III.

For the foregoing reasons, we will affirm the judgment of the District Court.