**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2703
_____

MICHELLE C. RASCOE; RASCOE COURTS, INC.,
                                                   Appellants

v.

NEIL CODY; GEORGE DREES; TOWNSHIP OF SUSQUEHANNA
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-15-cv-00994)
District Judge: Hon. Christopher C. Conner
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 18, 2019
_____

Before: SHWARTZ, KRAUSE, and BIBAS, <u>Circuit Judges</u>.

(Filed: March 26, 2019)

_____

OPINION*
_____

SHWARTZ, <u>Circuit Judge</u>.

---

* This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Plaintiffs Michelle Rascoe and Rascoe Courts (collectively, "Plaintiffs") appeal the District Court's orders dismissing their second and third amended complaints. Because the Court correctly determined that Plaintiffs' claims were barred by the statute of limitations and that equitable tolling was not warranted, we will affirm.

I[1]

A

Mrs. Rascoe and her husband operated Rascoe Courts, an adult personal care facility in Susquehanna Township, Pennsylvania. In February 2013, the Pennsylvania Department of Human Services ("DHS") issued Rascoe Courts a provisional license under which the facility was subject to periodic inspection for six months.

During an April 2013 inspection conducted by Defendant Neil Cody, Adult Residential Licensing Unit Regional Director for DHS, a fire alarm went off. The alarm was silenced but the strobe lights could not be deactivated. The following day, Cody and Defendant George Drees, Township Fire Marshall, conducted separate inspections, and the strobe lights were still activated. Thereafter, Drees reported the fire code violations to the county municipal court and, on April 22, 2013, Plaintiffs received a letter from the Department of Public Welfare ("DPW") revoking Rascoe Courts' license to operate due to health and safety violations pursuant to 62 Pa. Stat. Ann. § 1026(b)(4) and 55 Pa. Code

---

[1] Because this appeal comes to us from an order granting a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, we draw the background from the factual allegations contained in Plaintiffs' complaint and attached exhibits, which we accept as true. See Hartig Drug Co. v. Senju Pharm. Co., 836 F.3d 261, 268 (3d Cir. 2016). The orders on appeal involve both Plaintiffs' second and third amended complaints, and we use both for the factual background.

§ 20.71(a)(2).[2] The letter further indicated that the "decision is final 11 days from the date of this letter, or if you decide to appeal, upon issuance of a decision by the Bureau of Hearings and Appeals." Dkt. No. 50-1. Plaintiffs appealed on April 29, 2013, and Rascoe Courts continued to operate.

In July 2013, Plaintiffs hired counsel to represent them in their administrative appeal, and Mrs. Rascoe gave him "all of the documentary material that she had gathered in preparation of her case." JA 70-71. Plaintiffs allege that counsel advised them that they could not bring a lawsuit against the state or township until the administrative appeal was completed. Plaintiffs claim that they were unable to communicate with counsel, terminated his services in December 2013, and proceeded pro se before the Administrative Law Judge ("ALJ") overseeing the appeal. On May 29, 2014, the ALJ recommended to DHS that the appeal be denied. DHS adopted the recommendation, finalizing the license revocation.

B

On May 21, 2015, Plaintiffs brought suit in the Middle District of Pennsylvania, asserting substantive and procedural due process violations under 42 U.S.C. § 1983 against Cody, Drees, and Susquehanna Township. Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). The motions were referred to a Magistrate Judge, who found that: (1) Plaintiffs' injury was the revocation of their license, and so the

---

[2] Inspection summaries were attached to the letter, detailing the violations at Rascoe Courts.

3

statute of limitations accrued on April 29, 2013 when Plaintiffs appealed DPW's April 22, 2013 decision to revoke the license, Rascoe v. Susquehanna Township, No. 1:15-cv-00994, 2016 WL 8252572, at *4-5 (M.D. Pa. Nov. 22, 2016); and (2) equitable tolling was not warranted because there were no extraordinary "circumstances" and Plaintiffs had not "diligently pursued their rights as they waited nearly twelve months after" DHS denied their license revocation appeal to file suit, id. at *6.  For these reasons, the Magistrate Judge recommended dismissing the second amended complaint without leave to amend because Plaintiffs' claims were time-barred under the two-year statute of limitations for § 1983 claims arising in Pennsylvania. Id. at *6-7.  The District Court adopted the Magistrate Judge's recommendation in part, dismissing the second amended complaint but providing Plaintiffs "one final opportunity to amend their complaint to state facts in support of their equitable tolling argument."  Rascoe v. Susquehanna Township, No. 1:15-cv-994, 2017 WL 551925, at *1 (M.D. Pa. Feb. 10, 2017).

Plaintiffs filed a third amended complaint, which the Magistrate Judge recommended dismissing, again concluding that Plaintiffs' claims were time-barred, and that equitable tolling was not warranted because Plaintiffs offered no new facts that show the extraordinary circumstances and diligence necessary to trigger equitable tolling. Rascoe v. Susquehanna Township, No. 1:15-cv-0994, 2018 WL 3233361, at *9 (M.D. Pa. Mar. 6, 2018).  The District Court adopted this recommendation and dismissed Plaintiffs' third amended complaint with prejudice.  Rascoe v. Susquehanna Township, No. 1:15-cv-994, 2018 WL 3217628, at *1 (M.D. Pa. July 2, 2018).

Plaintiffs appeal the orders dismissing these complaints.

4

II[3]

We exercise plenary review of a district court's order granting a motion to dismiss. Burch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011). We must determine whether the complaint, construed "in the light most favorable to the plaintiff," Santomenno ex rel. John Hancock Trust v. John Hancock Life Ins. Co., 768 F.3d 284, 290 (3d Cir. 2014) (internal quotation marks and citation omitted), "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[,]'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)), "but we disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements," James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012). In addition to the factual allegations in the complaint, we may consider "undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).

III

Plaintiffs allege that Defendants deprived them of substantive and procedural due process in violation of § 1983. The statute of limitations for a § 1983 action is governed by the state law where the cause of action arose, and "[t]he statute of limitations for a § 1983 claim arising in Pennsylvania is two years." Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (citations omitted). Plaintiffs argue that their claims did not accrue until May 2014, when the ALJ and DHS reached a final disposition on the appeal of the license

---

[3] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291.

revocation, and in the alternative, the statute of limitations should be tolled for extraordinary circumstances.

A

We must first determine when the cause of action accrued and the statute of limitations began to run on Plaintiffs' claims. "Under federal law, a cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or should have known of the injury upon which its action is based[,]" id. (internal quotation marks and citations omitted), even if "the full extent of the injury is not then known or predictable," id. at 635. This is "an objective inquiry" about what "a reasonable person should have known." Id. at 634. An alleged failure to provide notice and opportunity to respond before deprivation accrues immediately when the Plaintiff learns of the deprivation.

Plaintiffs' complaint shows that their procedural and substantive due process claims are predicated on Defendants' pre-revocation inspections and Defendants' alleged wrongful handling of the pre-revocation process. Specifically, Plaintiffs allege Defendants "unlawfully den[ied] Rascoe Courts an opportunity to correct the building's alleged violations in a timely fashion before recommending that the building's license be revoked" and "never provided [Plaintiffs] with prior notice of the reasons for the revocation." JA 72; see JA 73 (describing "blatant ignorance of statutes providing Plaintiffs with right to correct the alleged violations in a timely manner before revocation of the license"). Plaintiffs also assert that Defendants disregarded "proper and lawful inspection and revocation procedures," including by not providing Plaintiffs with a plan

6

of correction or "an opportunity to be heard regarding the revocation." JA 72, 73. Because Plaintiffs complain of conduct leading up to the license revocation, they were objectively aware of the consequence and injury from such conduct when they received the April 2013 letter revoking their license to operate. See Gonzalez-Alvarez v. Rivero-Cubano, 426 F.3d 422, 427 (1st Cir. 2005) (holding statute of limitations began to run on § 1983 action when the initial administrative ruling was issued).

Plaintiffs also argue, citing 55 Pa. Code § 2600.266, that they were entitled to certain procedures following a temporary revocation, which they argue would cause their claims to accrue after they received the letter. Their complaint, however, is clear that the substance of their claims are based on predeprivation conduct. We must look to the language in the complaint when we review a motion to dismiss.

The accrual date is also unaffected by Plaintiffs' administrative appeal. Exhaustion of state remedies is not required where an administrative process is remedial or designed to vindicate a wrong by the state. O'Neill v. City of Philadelphia, 32 F.3d 785, 791 n.13 (3d Cir. 1994). Since Plaintiffs were not required to exhaust state remedies before filing this lawsuit, their pursuit of an administrative remedy by appealing the revocation has no effect on the statute of limitations. See Kelly v. City of Chicago, 4 F.3d 509, 511-13 (7th Cir. 1993) (holding that § 1983 claim related to revocation of liquor license began to run when license was officially revoked and "the availability of a state appeals process had no different effect on the accrual date").

7

Therefore, because Plaintiffs' § 1983 claims accrued in April 2013 and the statute of limitations expired in April 2015, the claims in Plaintiffs' May 2015 complaint are time-barred.

B

Having concluded that the District Court properly found that the statute of limitations began running when Rascoe Courts' license was revoked, we next consider whether equitable tolling is warranted. Equitable tolling applies "where the plaintiff has been prevented from asserting her claim as a result of . . . extraordinary circumstances." Kach, 589 F.3d at 643 (citation omitted). In addition, to benefit from equitable tolling, a plaintiff must "exercise due diligence to preserve his or her claim." Robinson v. Dalton, 107 F.3d 1018, 1023 (3d Cir. 1997). Thus, equitable tolling requires extraordinary circumstances and diligence in pursuing the claim. Plaintiffs have shown neither.

First, Plaintiffs' assertions that their former attorney misled them by advising that they were required to exhaust state administrative remedies, abandoned them, and withheld their documentary evidence do not constitute extraordinary circumstances. "[A]ttorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001). Although attorney misbehavior "that goes beyond garden variety neglect" can constitute extraordinary circumstances, such as where an attorney affirmatively lies about taking actions he never took, Seitzinger v. Reading Hosp. & Med. Ctr., 165 F.3d 236, 241 (3d Cir. 1999), or abandons his client or makes many misstatements of law, Ross v. Varano, 712 F.3d 784, 803-04 (3d Cir. 2013), neither

8

occurred here. Plaintiffs fired counsel over a year before the statute-of-limitations period elapsed. Moreover, counsel's mistake about exhaustion is not the kind of legal error that constitutes an extraordinary circumstance. See Fahy, 240 F.3d at 244.

Second, Plaintiffs did not demonstrate the requisite diligence to preserve their claims. While Plaintiffs diligently pursued their administrative appeal, including efforts to obtain continuances and discovery, they demonstrated no diligence in pursuing their § 1983 claims. Furthermore, even if Plaintiffs delayed filing their complaint based on the inaccurate advice of their former attorney and their belief that they needed to exhaust their administrative appeal before pursuing their federal claims, Plaintiffs still waited nearly a year to file this litigation after DHS reached its final decision in May 2014. Cf. Ross, 712 F.3d at 800 ("We have recognized that in some cases an attorney's malfeasance, when combined with reasonable diligence on the part of the [plaintiff] in pursuit of his rights, may warrant equitable tolling of the statute of limitations." (citations omitted)). Thus, Plaintiffs have not shown the diligence required to equitably toll the statute of limitations.[4]

III

For the foregoing reasons, we will affirm.

---

[4] Because the District Court properly dismissed Plaintiffs' claims as time-barred, we need not address the sufficiency of Plaintiffs' pleadings. That said, insofar as Plaintiffs claim violations of their due process rights based on Defendants Cody and Drees's testimony at the revocation hearings in January and March 2014, Defendants Cody and Drees are entitled to immunity, such testimony cannot provide a basis for relief. See Rehberg v. Paulk, 566 U.S. 356, 366 (2012).