**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3769
_____

JIMMY I. DAVIS,
                              Appellant

v.

POSTMASTER GENERAL OF THE UNITED STATES
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2:15-cv-08402)
District Judge:  Honorable Claire C. Cecchi
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 19, 2019

Before:  MCKEE, COWEN and RENDELL, Circuit Judges

(Opinion filed: July 10, 2019)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Jimmy Davis was at all relevant times employed by the United States Postal Service as a tractor trailer operator. Davis sued the Postmaster General (hereinafter, "USPS") under Title VII, alleging that on August 30, 2014, he was given an "emergency placement for questioning the safety of a trailer." ECF 16 at 3. Davis claimed that this "emergency placement" was retaliation for EEO complaints he had filed earlier in 2014. As relief he sought "monetary damages, both compensatory and punitive." ECF 16 at 4.

USPS filed a motion for summary judgment, arguing that Davis failed to timely or otherwise properly exhaust administrative remedies prior to filing suit. The District Court granted USPS's motion, agreeing with its exhaustion argument. The District Court also determined, on the issue of punitive damages, that: "[E]ven if Plaintiff's claims were properly before this Court, punitive damages would be unavailable where, as here, the defendant is a government agency." ECF 57 at 11 (citing 42 U.S.C. § 1981a(b)(1)). The District Court entered an order terminating the case. Davis appealed.

We have jurisdiction under 28 U.S.C. § 1291. Our standard of review is de novo. See Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998). Summary judgment may be granted only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Having reviewed the record and arguments made by the parties on appeal, we conclude that the District Court did not err in granting USPS's motion for summary

2

judgment.[1] Davis was required to administratively exhaust his Title VII claims before commencing this action, see Robinson v. Dalton, 107 F.3d 1018, 1020-21 (3d Cir. 1997), as USPS timely asserted in its motion below, cf. Fort Bend Cty. v. Davis, No. 18-525, 2019 WL 2331306, at *5-6 (U.S. June 3, 2019) (holding that Title VII's "charge-filing requirement" is a non-jurisdictional processing rule, "albeit a mandatory one" that must be enforced if properly raised). And here, there is no genuine dispute that Davis failed to take all of the steps necessary to properly exhaust his claims.

Specifically, after receiving a 'right-to-sue' notice from the EEOC on September 30, 2014, Davis failed to timely file a formal complaint with the agency. See 29 C.F.R. §§ 1614.105(d) & 1614.106(b). Additionally, and pertaining to related proceedings initiated with the Merit Systems Protection Board ("MSPB"), there is no dispute that Davis was required but failed to file this action in federal court within 30 days of April

---

[1] The only argument raised in Davis's appellate brief is that his case was improperly closed by the District Court on the ground that he failed to file a responsive statement of material facts under D.N.J. Local Rule 56.1(a), as he did in fact submit such a statement on December 13, 2018. See Appellant's Br. at 3, 5. Notably, the District Court granted USPS's motion for summary judgment and terminated the case on November 30, 2018, two weeks prior to the filing of Davis's December 13, 2018 responsive statement (attached as an exhibit to his Notice of Appeal, see ECF 59). Needless to say, that responsive statement was poorly timed. In any event, the District Court did not do what Davis claims it did. See ECF 57 at 4 (District Court: "Plaintiff filed a letter on March 5, 2018 . . . which the Court construed as Plaintiff's responsive statement of material facts pursuant to Local Civil Rule 56.1").

30, 2015, when the MSPB's adverse decision became final. See 29 C.F.R. § 1614.310(b); 5 C.F.R. § 1201.157.[2]

Therefore, for the reasons given in this opinion, we will affirm the judgment of the District Court.

---

[2] As Davis challenged in his operative pleading only his August 30, 2014 "emergency placement," all of the evidence in the record related to USPS's proposed removal of Davis from employment, Davis's second appeal to the MSPB, Davis's removal-related complaint filed with the EEOC, and the settlement of the second MSPB appeal between Davis and USPS (which provided, inter alia, that Davis would receive a payment of $20,000 and would serve a four-month suspension in lieu of removal), simply is not relevant to whether the District Court erred in granting USPS's exhaustion-based motion for summary judgment or, as a consequence, the disposition of this appeal. Furthermore, because the issue of exhaustion is dispositive here, we have no occasion to decide whether Davis was statutorily barred from collecting punitive damages in this action on the basis that, as other courts of appeal have held, USPS is a "government agency" for purposes of § 1981a(b)(1). See, e.g., Robinson v. Runyon, 149 F.3d 507, 516 (6th Cir. 1998); Baker v. Runyon, 114 F.3d 668, 670-71 (7th Cir. 1997).