ALD-056                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2958
_____

BARRY B. LEWIS,
Appellant

v.

POSTMASTER GENERAL OF THE UNITED STATES
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-21-cv-00195)
Magistrate Judge: Honorable Martin C. Carlson

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 6, 2022
Before: JORDAN, RESTREPO, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 12, 2022)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Plaintiff Barry Lewis, proceeding pro se, appeals the District Court's grant of summary judgment in favor of the Postmaster General of the United States. The District Court determined that Lewis's claims of age and disability-based employment discrimination were time-barred. For the reasons that follow, we will affirm the District Court's decision.

I.

Lewis is a former employee of the United States Postal Service ("USPS"). In 2015, Lewis was instructed to report to training for a new position. Lewis alleged that the position conflicted with his medical restrictions, and that he was then forced to retire.

On March 1, 2016, Lewis filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") based on the 2015 reassignment and his subsequent retirement. On September 7, 2020, after extended agency proceedings, Lewis received the EEOC's dismissal and right-to-sue notice. On November 28, 2020, Lewis wrote a letter to the EEOC asking which federal district court he was required to file his complaint in. The EEOC responded on January 27, 2021.

On February 3, 2021, Lewis filed a complaint in the District Court against the Postmaster General. The District Court granted Appellee's motion for summary judgment because Lewis did not file the complaint within the required 90-day deadline. The District Court further reasoned that equitable tolling was unavailable to cure this defect. Lewis timely appealed. On appeal, the appellee has moved for summary action.

2

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review the District Court's grant of summary judgment de novo." Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 288 (3d Cir. 2018). Summary judgment is proper when, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 422–23 (3d Cir. 2006). We construe Lewis's pro se filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## III.

The District Court correctly dismissed Lewis's Title VII claims against his employer based on his failure to timely file his federal complaint.

Under Title VII, if the EEOC dismisses a plaintiff's charge, it "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought." 42 U.S.C. § 2000e-5(f)(1). Thus, the statute creates a 90-day period that is treated as a statute of limitations. See Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001). We have construed the limitations "provision to mean that the time for the filing of a complaint begins to run when the plaintiff has notice of the EEOC's decision, which usually occurs on the date he receives

a right-to-sue letter from the agency."  Seitzinger v. Reading Hosp. & Med. Ctr., 165

F.3d 236, 239 (3d Cir. 1999).  Here, there is no dispute that Lewis received a right-to-sue

letter on September 7, 2020.  Therefore, he had until Monday, December 7, 2020, to file

his complaint[1] but did not file until February 3, 2021, nearly 60 days past the deadline.

Accordingly, his complaint was untimely.  See Figueroa v. Buccaneer Hotel Inc., 188

F.3d 172, 176 (3d Cir. 1999) (claim filed "even one day beyond" deadline is untimely).

However, this 90-day period is subject to equitable tolling, Nat'l R.R. Passenger

Corp. v. Morgan, 536 U.S. 101, 113-14 (2002), and Lewis argues that the District Court

erred in determining that equitable tolling did not apply to his complaint.  We disagree.

"We have instructed that there are three principal, though not exclusive, situations

in which equitable tolling may be appropriate: (1) where the defendant has actively

misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in

some extraordinary way has been prevented from asserting his or her rights; or (3) where

the plaintiff has timely asserted his or her rights mistakenly in the wrong forum."

Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994),

abrogated on other grounds by Rotkiske v. Klemm, 890 F.3d 422, 428 (3d Cir. 2018).

Lewis does not argue that the first or third Oshiver situation is present.  Instead, he

appears to argue that the Covid-19 pandemic contributed to the second Oshiver situation

by creating an "extraordinary" situation that prevented him from asserting his rights.

---

[1] The 90-day deadline ended on Sunday, December 6, 2020.

Specifically, Lewis argues that he received a delayed response from the EEOC that undermined his ability to timely file in the appropriate court. Lewis does not dispute that he was aware he had a 90-day period to file his complaint in federal court. He alleged that he was unsure which district he needed to file in, that he reached out to the EEOC for clarification, and that he did not receive guidance from the EEOC until well past the filing deadline.

Although Lewis alleges that Covid-19 was the cause of the EEOC's delayed response, he fails to connect the pandemic to his specific situation. Notably, Lewis did not send out his request for clarification until November 28, 2020, which the EEOC received on December 2, 2020, just five days before the 90-day period expired. Had he reached out to the EEOC earlier it is possible he would have received a response prior to his filing deadline. Nor does he allege that Covid-19 prevented him from filing his complaint or from accessing other resources that would have assisted him in identifying the appropriate court. Accordingly, we find no error in the District Court's determination that equitable tolling was unavailable in the situation presented here. See Robinson v. Dalton, 107 F.3d 1018, 1023 (3d Cir. 1997) ("Running throughout the equitable estoppel cases is the obligation of the plaintiff to exercise due diligence to preserve his or her claim."); see also Irwin v. Dep't of Veterans Affs., 498 U.S. 89, 96 (1990) (noting that principles of equitable tolling do not extend to "what is at best a garden variety claim of excusable neglect"); cf. Ross v. Varano, 712 F.3d 784, 803 (3d Cir. 2013) (explaining in

5

habeas context that equitable tolling requires "a causal connection, or nexus, between the extraordinary circumstances [the petitioner] faced and [his] failure to file a timely federal petition").[2]

For the foregoing reasons, we grant the Appellee's motion for summary affirmance and will affirm the District Court's judgment.

---

[2] We also note that, regardless of the timing of the EEOC's response, the EEOC is not responsible for advising plaintiffs on where to file their federal complaints.